UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN THE MATTER OF:

RICHARD DAVIS, Debtor(s).

_____/

CHAPTER 13
CASE NO. 02-58974-TJT
JUDGE THOMAS J. TUCKER

### TRUSTEE'S MOTION FOR AUTHORIZATION TO DISBURSE FUNDS IN THE AMOUNT OF $14,790.55 TO THE BANKRUPTCY COURT FOR THE EASTERN DISTRICT MICHIGAN AS UNCLAIMED FUNDS

**NOW COMES** the Chapter 13 Standing Trustee, Tammy L. Terry, and moves this Court for authority to disburse funds on hand to the Bankruptcy Court for the Eastern District of Michigan as unclaimed funds pursuant to Local Bankruptcy Rule 9014, and states as follows:

1. The debtor filed for Chapter 13 relief on August 16, 2002. The § 341 First Meeting of the Creditors was not concluded and debtor's plan was denied confirmation on December 18, 2002.

2. That on or about December 4, 2002, an Evidentiary Hearing was held on several motions for relief from stay before the Honorable William H. Brown who subsequently entered an interim order.

3. That on January 2, 2003, Judge Brown entered a Memorandum Opinion and Order on Motions for Relief from Automatic Stay denoting his finding of facts and conclusions of law. **Please see Exhibit B- January 2, 2003 Memorandum Opinion and Order.**

4. That in the January 2, 2003 Order, this Court found the following as findings of fact in this matter based on the debtor's testimony that:
"According to the debtor's description of his business plan, he or others associated with him solicited financially distressed owners of real property in Michigan, whose properties were subject to pending foreclosure action, to execute a "Land Contract" in favor of Richard Davis as vendee. The Land Contract was described by Mr. Davis as giving him a "future interest" or right to purchase the real property at any time in the future. In the meantime, the purported vendors were supposed to continue to pay their monthly mortgage obligations. If they failed to make such payments, according to Mr. Davis, he could then elect to purchase the property."

"Mr. Davis apparently instructed the "vendors" under those Land Contract properties scheduled in his own petition to make their ongoing mortgage payments to his Chapter 13 case."

"He (debtor) stated that he was not personally to pay anything to the trustee in his case."

5. That in the January 2, 2003 Order, this Court concluded that the above referenced case was filed in bad faith, with no conceivable justification in fact or law.

6. That from October 16, 2002 to March 31, 2003, approximately $26,994.20 was forwarded to the Chapter 13 Trustee's post office box in Memphis, Tennessee, in the form of money orders from various persons baring the above-referenced case number. **Please see Exhibit C- Trustee's record for Receipt of Payments.**

7. The Trustee has been holding these funds pending the FBI investigation. The FBI investigation has been resolved. We have returned funds that we received in this case to individuals who remitted funds in this case. With the assistance from the Federal Bureau of Investigation, we were given an updated listing of addresses for the individuals identified to have remitted funds to this case. **Please see Exhibit C- Trustee's record for Receipt of Payments.**

8. That pursuant to Orders of this Court, during the period of September 3, 2003 to September 26, 2008, the Trustee returned funds to the following individuals:

| | | |
|---|---|---|
| Shalonda and Willie McCarter | $4,500.00 | (Order entered 9/9/03) |
| Taneka Gary | $1,444.61 | (Order entered 10/25/07) |
| Muncell McClure | $800.00 | (Order entered 11/26/07) |
| James Rhodes | $1,600.00 | (Order entered 9/26/08) |
| Robert Posey | $924.08 | (Order entered 9/26/08) |
| Margeart Martin | $1,893.96 | (Ordered 9/26/08) |
| Ryan Willingham | $1,041.00 | (Ordered entered 9/26/08) |

9. That the Trustee currently has $14,790.55 on hand in this case.

10. That the Trustee has exhausted all avenues to return the funds in this case.

11. That pursuant to 11 U.S.C. Section 1326 (a)(2) a payment made under this subsection shall be retained by the trustee until confirmation or denial of confirmation of the plan. If the plan is not confirmed, the trustee shall return any such payments to the debtor, after deducting any unpaid claim allowed under section 503(b) of this title. Pursuant to 11 U.S.C. Section 1326(a)(1) the debtor shall commence making the payments proposed in the plan within 30 days after the plan is filed.

12. That in this case, the debtor did not make *any* payments which is evident by the money orders and the debtor's testimony at the evidentiary hearing held on December 4, 2003 for which he stated that "he was not personally to pay anything to the trustee in his case." It should be further noted that the debtor passed away in March of 2007.

13. The Trustee believes it is fair and equitable and in the best interest of the estate to disburse the remaining funds in the amount of $14,970.55 to the Bankruptcy Court as unclaimed funds. Moreover, the Trustee asserts that there is no useful purpose to continue holding funds in an estate which will not be administered by the Trustee and the Federal Bureau of Investigation has completed their investigation of this matter.

**WHEREFORE,** your Trustee respectfully requests authority to disburse $14,970.55 to the Bankruptcy Court as unclaimed funds and for such other relief as this Court deems necessary and just.

                        OFFICE OF THE CHAPTER 13 TRUSTEE-DETROIT
                        Tammy L. Terry, Chapter 13 Trustee

AUGUST 20, 2009

/s/ *Tammy L. Terry*
Chapter 13 Standing Trustee
/s/ KIMBERLY SHORTER – SIEBERT (P-49608)
/s/ MARILYN R. SOMERS – KANTZER (P-52488)
Staff Attorneys
535 Griswold, Suite 2100
Detroit, MI 48226
(313) 967-9857
mieb_ecfadmin@det13.net

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN THE MATTER OF:

RICHARD DAVIS, Debtor(s).
_____/

CHAPTER 13
CASE NO. 02-58974-TJT
JUDGE THOMAS J. TUCKER

## ORDER AUTHORIZING TRUSTEE
## TO DISBURSE IN THE AMOUNT OF $14,790.55 TO
## THE BANKRUPTCY COURT FOR THE EASTERN DISTRICT MICHIGAN
## AS UNCLAIMED FUNDS

This matter having come to be heard upon the Trustee's Motion for Authorization to Disburse Funds in the amount of **$14,790.55 to the** Bankruptcy Court for the Eastern District of Michigan; the facts showing that cause was shown for the reasons stated on the record and exhibits attached, and the Court being otherwise sufficiently advised in the premises:

**IT IS HEREBY ORDERED** that the Trustee is hereby authorized to disburse **$14,790.55 to the** Bankruptcy Cour for the Eastern District of Michigan in the above referenced case.

EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  
**RICHARD DAVIS,**                          Case No. 02-58974  
      Debtor.                               Chapter 13

---

## MEMORANDUM OPINION AND ORDER ON
## MOTIONS FOR RELIEF FROM THE AUTOMATIC STAY

---

On December 4, 2002, an evidentiary hearing was held on motions for relief from the automatic stay, filed by Aurora Loan Services, Inc.; Mortgage Electronic Registration Systems, Inc.; Bank of New York; Wells Fargo Bank Minnesota; Manufacturers & Traders Trust Co.; Fairbanks Capital Corp.; Countrywide Home Loans, Inc.; and Equicredit Corporation of America. Following that hearing, the Court entered an interim order, and this opinion contains the Court's findings of fact and conclusions of law as well as the Court's order concerning relief from the automatic stay to the moving creditors.

### SUMMARY OF EVIDENCE AND FINDINGS

The December 4 hearing included the Debtor's testimony and exhibits. From the Debtor's own testimony, what can only be described as a scheme to manipulate the bankruptcy laws was revealed. According to the Debtor's description of his "business plan," he or others associated with him solicited financially distressed owners of real property in Michigan, whose properties were subject to pending foreclosure action, to execute a "Land Contract" in favor of Richard Davis as vendee. The Land Contract was described by Mr. Davis as giving him a "future interest" or right to purchase the real property at any time in the future. In the meantime, the purported vendors were supposed to continue to pay their monthly mortgage obligations. If they failed to make such payments, according to Mr. Davis, he could then elect to purchase the property. Of course, these Land Contracts were entered into without any notice to or permission of the relevant mortgage

1

lenders. Mr. Davis also functioned as a bankruptcy petition preparer, preparing and filing bankruptcy petitions for some, if not all, of the Land Contract vendors. He stated that he had prepared 5 or 6 bankruptcy petitions in the week before the December 4 hearing.

In a strange twist on the typical effort to impose the automatic stay of bankruptcy to stop pending foreclosure sales, Mr. Davis then filed his own Chapter 13 case in this judicial district, listing a substantial number of real properties on his own schedules. These were properties in which he claims an interest through the Land Contracts, but he did not disclose in his schedules all of such properties. Counsel for the moving creditors stated that he had approximately 60 Land Contracts but his schedules disclosed fewer than 40.

Mr. Davis apparently instructed the "vendors" under those Land Contract properties scheduled in his own petition to make their ongoing mortgage payments through his Chapter 13 case. He stated that he was not personally to pay anything to the trustee in his case. In fact, the Chapter 13 trustee has received some payments from third parties, purportedly for Mr. Davis's plan. At the same time, some of those vendors are in their own Chapter 13 cases, in which they would have the obligation to make mortgage payments. Of course, this piling on of Chapter 13 cases makes no sense, either common or legal.

Mr. Davis attempted to justify his "business plan" as a legitimate way to satisfy the mortgage obligations, while giving him some right to benefit in the future if the vendors failed to make their mortgage payments. He was vague in his response to how he made or expected to make money from this "plan," but it is obvious that he would have no incentive to engage in such a preposterous scheme unless he financially benefitted. He admitted that he was not personally paying any of the mortgages on properties scheduled in his petition, but somehow he claimed that his bankruptcy would help the vendors retain their properties.

Mr. Davis admitted that he had personally filed approximately twenty bankruptcy petitions in his name in California before moving to Detroit. He has been operating this type of "business" since the 1980's. He is not an attorney and has no business license, and he operates the business out of his home, which he also allegedly acquired through a land contract. However, he has some connection to a limited liability company or companies in California, to which at least some of the "vendors" have made mortgage payments. This too would make no sense and would easily lead to

2

a defrauding of the vendors if their payments to Mr. Davis's companies in California never made it to the appropriate mortgage companies. Subsequent to the December 4 hearing, the Court has been advised that the United States Attorney for this district has instituted criminal proceedings against Mr. Davis, in part referring to an alleged fraud involving payments funneled through a California entity. As a result of this criminal complaint, it is unnecessary for this Court to make findings concerning any fraud related to Mr. Davis's California connections; however, it is obvious that no good bankruptcy purpose was served by instructing vendors to make payments to anyone other than the appropriate mortgage lender or company servicing the mortgages.

The Court found no credibility in anything Mr. Davis said, except for the shocking admission by him that he had taught others to engage in the same "business plan." Throughout his testimony, Mr. Davis used the term "we" in describing his business activity. He identified his son, also named Richard Davis, Vanessa Barron and Larry Dean Garrett as persons who either worked with him in his "business" or that he had taught to engage in the same activity. The Court is aware that Judge Walter Shapero conducted a hearing in the bankruptcy case of Vanessa Barron, case number 01-57147, on January 24, 2002, and the transcript of that hearing reveals a similar scheme concerning purported land contracts. The fact that Mr. Davis would engage in such activity is shocking enough, but the fact that he admittedly taught others to do the same is appalling.

There is absolutely no justification in law or fact for what Mr. Davis has done. His actions have not benefitted the "vendors;" in fact, just the opposite has been the result. One of the Court's concerns is that the vendors may have paid Mr. Davis or those related to him at least some money or mortgage payments, and that any such payments would not have reached the appropriate mortgage company. Moreover, Mr. Davis's bankruptcy has imposed a temporary automatic stay that the Bankruptcy Code triggers upon the filing of a case, and a stay in this case was without any factual justification. This Court finds cause to grant relief from the automatic stay in this case. The fact that the vendors entered into these purported Land Contracts with Mr. Davis may be prejudicial to them in their own bankruptcy cases. To the extent any vendors have filed their own bankruptcy case but made payments to Mr. Davis's case, the mortgage lenders may have cause for relief from the automatic stay in the vendors' bankruptcy cases.

In addition to these concerns, there was some testimony that Mr. Davis had signed some

3

vendors' names to Land Contracts. This is a matter that the United States Attorney will no doubt investigate, and this Court has insufficient evidence to make specific findings about the extent of such false signatures.

As an illustration of Mr. Davis's total lack of regard for the bankruptcy laws and the requirements for bankruptcy petitions, he admitted that his son had signed one page of his petition. He also failed to reveal his twenty California bankruptcies in the present petition.

## CONCLUSIONS OF LAW

From this summary of Mr. Davis's testimony and the Court's findings and comments about the nature of his activity, the following conclusions may be reached:

First, this bankruptcy petition was filed in utter bad faith, with no conceivable justification in fact or law. Mr. Davis was not candid in revealing required information, including the omission of his prior bankruptcies in California. He listed some but not all of the purported Land Contract properties. Moreover, assuming he had any personal obligation to the scheduled mortgage creditors, he would not have been eligible for Chapter 13 relief. Section 109(e) of the Bankruptcy Code limits Chapter 13 relief to those with less than $290,525 in unsecured debt and $871,550 in secured debt. Mr. Davis scheduled more than thirty properties in his schedules and failed to schedule many other properties in which he held the same purported Land Contract interest. If he had a personal obligation on these mortgage debts, they would easily exceed the secured debt limit.[1]

Mr. Davis's attempts to insert himself into the mortgage relationship between the vendors and the mortgage companies does not work, for him or for the vendors. Mr. Davis has no personal liability to the various mortgage lenders, including those who have currently moved for relief from the automatic stay. The mortgage lenders have not consented to his Land Contracts, nor have they agreed to accept payments from any vendee. Each of the mortgages in the motions before the Court

---

[1] Mr. Davis has filed a motion to convert this case to one under Chapter 11. That motion is not before the Court for ruling; however, the finding and conclusion that this case was filed in bad faith would apply to any chapter to which the current case might be converted, assuming conversion would be granted.

4

contain clauses prohibiting the transfer of the mortgaged property without the prior consent of the lender.

This Court adopts the view that, absent compelling circumstances, Chapter 13 can not be used as a tool to force a mortgagee to accept payments from one not in privity of contract with the mortgagee. *See, e.g., In re Parks,* 227 B.R. 20, 23 (Bankr. W.D. N.Y. 1998) (holding that a debtor in Chapter 13 "may not 'cure' someone else's defaults under a contract to which [the debtor] was neither a party nor a third-party beneficiary"); *In re Mitchell,* 184 B.R. 757 (Bankr. C.D. Ill. 1994) (absent compelling equitable reasons, the court would not impose a debtor-creditor relationship between the Chapter 13 debtor and lender where no privity of contract existed). Although under the facts of a particular case, for example where the mortgagee accepted payments from one not contractually obligated to pay, a transferee of property might be able to cure defaults in a Chapter 13, this is not such a case. *See, e.g., Bank of America, N.A. v. Garcia (In re Garcia),* 276 B.R. 627 (Bankr. D. Ariz. 2002).

Mr. Davis has presented no legitimate argument, factually or legally, to support his assertion that the moving mortgagees should be further stayed by his bankruptcy filing. His purported business plan is bogus. His testimony is incredulous. His purpose is malignant. There is clearly cause for relief from the automatic stay under 11 U.S.C. § 362(d)(1) and (2). The bad faith filing of this petition in itself presents cause. Moreover, the filing simply prejudicially delays the creditors from pursuing their state-law remedies, with no possibility that Mr. Davis, either in Chapter 13 or 11, could effect a confirmable plan. Mr. Davis is not contractually obligated to any of these mortgagees, nor may he force a creditor-debtor relationship upon them, absent their consent. Mr. Davis has no legal nor equitable interest in the properties that are subject to the purported Land Contracts, which the Court considers to be shams and unenforceable. Thus, he has no monetary interest in the properties and could have no interest in them that would be subject to reorganization under any bankruptcy chapter. In summary, Mr. Davis is not a suitable candidate for reorganization or bankruptcy relief under any chapter of the Bankruptcy Code.

5

## FINAL CONCLUSION AND ORDER

As a result of the Court's findings and conclusions, the Court will grant relief to each moving creditor for relief from the automatic stay. To the extent that the creditors asked for in rem relief that would bar further bankruptcy filings as to the specific properties, the Court will grant extraordinary relief so as to bar Mr. Davis, his son, and any other person or entity that is connected to Mr. Davis from filing for bankruptcy relief anywhere in the United States that would affect any real properties in which Mr. Davis or anyone connected with him asserted any vendee interest under a Land Contract. However, as to the purported vendors under such contracts, the Court does not wish to prejudice any potential relief that a vendor might have under the Bankruptcy Code. Assuming that such a vendor could show good faith in filing for bankruptcy relief or in the proposal of a plan for reorganization, such a vendor might have a basis to retain the benefit of the automatic stay. Therefore, it will continue to be necessary for mortgagees to move for relief from the automatic stay in the individual bankruptcy cases of vendors that entered into land contracts with Mr. Davis or those associated with him. Of course, there may be cause for relief from the stay in those cases as well, but that issue is not properly before the Court and those vendors are not before the Court in these motions.

In its oral ruling, the Court indicated that it would impose injunctive relief against Mr. Davis to prevent his continuing to prepare and/or file bankruptcy petitions for other persons. Although Mr. Davis denied that he was a petition preparer for purposes of 11 U.S.C. § 110, the Court finds that Mr. Davis's testimony reveals that he has functioned as a petition preparer. Since notice of injunctive relief was not given to Mr. Davis prior to the December 4 hearing, it may violate due process for the Court to impose injunctive relief at this time. Hopefully, the pending criminal action against him will cause Mr. Davis to cease his bankruptcy activity. If the threat of Mr. Davis continuing in bankruptcy preparations and filings persists, the United States Trustee may bring an appropriate action for injunctive relief. *See* 11 U.S.C. § 110(j). Moreover, there may be cause for monetary damage relief under § 110(i) and (j).

The Court has no motion to dismiss this bankruptcy case before it, but the evidence presented on these motions and the Court's findings would support a dismissal with prejudice. *See* 11 U.S.C.

6

§ 1307(c); § 349.

The attorney for each moving creditor should present an order granting relief from the automatic stay for cause, consistent with this opinion. There is cause to waive FED. R. BANKR. P. 4001(a)(3), making relief from the automatic stay effective immediately upon entry of those orders.

SO ORDERED, this 31st day of December, 2003.

/s/ William Houston Brown
WILLIAM HOUSTON BROWN
UNITED STATES BANKRUPTCY JUDGE

cc:
Debtor
David C. Peters, II, Attorney appearing for Debtor at hearing
Marcy J. Ford, Attorney for moving creditors
Stephanie P. Orrico, Attorney for Bank of New York
Tammy Terry, Chapter 13 Trustee
Marion J. Mack, Attorney for United States Trustee
Ross I. MacKenzie, Assistant United States Attorney

A TRUE COPY
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
BY: _____ DEPUTY CLERK
Date: _____

7

| NAME | ADDRESS | SOURCE | TOTAL RECEIPTS |
|---|---|---|---|
| SHALANDA & WILLIE MCCARTER | 19178 CLIFF DETROIT MI 48234 | USPS M.O. | $4,500.00 |
| TANEEKA GARY | 17144 HAMBURG ST DETROIT MI 48205 | P.C. M.O. | $1,444.61 |
| CHRISRINE E KISH | 5776 WARWICK ST DETROIT MI 48228 | USPS M.O. | $1900.00 |
| MARGEART MARTIN | 19166 ALGONAC DETROIT MI 48234 | USPS M.O. | $1,893.96 |
| AMANDA WINBORN | 9961 WESTWOOD DETROIT MI 48228 | USPS M.O. | $2,550.00 |
| .JAMES RHODES | 15670 FAIRCREST DETROIT MI 48205 | USPS M.O. | $1,600.00 |
| JADA C HICKMON | 16421 E STATE FAIR DETROIT MI 48205 | USPS M.O | $950.00 |
| NICHOLE STALLING | 20148 BINDER DETROIT MI 48235 | USPS M.O. | $763.00 |
| RYAN C WILLINGHAM | 14629 CARLISLE AVE DETROIT MI 48205 | P.C. | $1,041.00 |
| M MCCLURE | 11124 WORDEN DETROIT MI 48224 | USPS M.O. | $800.00 |
| PATRICIA HOLLOWELL | 18294 FENTON DETROIT MI 48219 | WU M.O. | $635.94 |
| ROBERT POSEY | 16587 ST MARYS DETROIT MI 48235 | USPS M.O. | 924.08 |
| O JOHNSON | 4060 GLADSTONE | TE M.O. | $541.00 |
| UNKNOWN | PO BOX 10291 BEVERLY HILLS CA 90213 | USPS M.O. | $2,262.60 |
| UNKNOWN | 11301 W OUTER DR DETROIT MI 48223 | USPS M.O. | $3100.00 |
| EARLY COOPER | 20419 BIRWOOD DETROIT MI 48221 | USPS M.O. | $1,288.00 |
| GENE LOVE | 13689 ALLONBY ST DETROIT MI 48227 | USPS M.O. | $200.00 |
| EDITH ROBERTSON | 10009 MEMORIAL DETROIT, MI 48227 | USPS M.O. | $600.00 |
| | | | $26994.19 |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN THE MATTER OF:                          CHAPTER 13
                                           CASE NO. 02-58974-TJT
RICHARD DAVIS, Debtor(s).                  JUDGE THOMAS J. TUCKER
_____/

## NOTICE OF TRUSTEE'S MOTION FOR AUTHORIZATION TO DISBURSE FUNDS IN THE AMOUNT OF $14,790.55 TO THE BANKRUPTCY COURT FOR THE EASTERN DISTRICT MICHIGAN AS UNCLAIMED FUNDS

The Chapter 13 Trustee has filed papers with the court requesting authority to disburse $14,790.55 in the above captioned case. to the Bankruptcy Court for the Eastern District of Michigan as unclaimed funds

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have or in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want to dismiss the debtor's case, or if you want the court to consider your views on the Trustee's motion, within 20 days, you or your attorney must:

1.  File with the court a written response or an answer, explaining your position at:

    **United States Bankruptcy Court
    211 W. Fort Street, Suite 2100
    Detroit, Michigan 48226**

    If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

    You must also mail a copy to:

    **OFFICE OF THE CHAPTER 13 STANDING TRUSTEE - DETROIT
    *ATTN: MOTION DEPARTMENT*
    535 Griswold, Suite 2100
    Detroit, MI 48226**

2.  If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.**

OFFICE OF THE CHAPTER 13 STANDING TRUSTEE-DETROIT

August ___, 2009

/s/Tammy L. Terry
TAMMY L. TERRY (P-46254)
Chapter 13 Standing Trustee
/s/ KIMBERLY SHORTER - SIEBERT (P-49608)
MARILYN R. SOMERS - KANTZER (P-52488)
Staff Attorneys
535 Griswold, Suite 2100
Detroit, MI 48226
(313) 967-9857
mieb_ecfadmin@det13.net

---

[1] Response or answer must comply with F.R.Civ.P. 8(b), (c) and (e)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN THE MATTER OF:                              CHAPTER 13
                                               CASE NO. 02-58974-TJT
RICHARD DAVIS, Debtor(s).                      JUDGE THOMAS J. TUCKER
_____/

## CERTIFICATE OF MAILING OF TRUSTEE'S MOTION FOR AUTHORIZATION TO DISBURSE FUNDS IN THE AMOUNT OF $14,790.55 TO THE BANKRUPTCY COURT FOR THE EASTERN DISTRICT MICHIGAN AS UNCLAIMED FUNDS

I certify that on the date indicated below, copies of the Trustee's Motion for Authorization to Disburse Funds in the amount of **$14,790.55 to the** Bankruptcy Court for the Eastern District of Michigan, Notice and Opportunity for Hearing and proposed Order were electronically filed with the Clerk of the Court, served via Electronic Court Filing and/or a copy of same was deposited in the U.S. Mail to debtor's(s)' attorney (if any) or and all parties listed, at the address as it appears below.

August 20, 2009

Office of the Chapter 13 Standing Trustee-Detroit

/s/Patrice N. Ford
For the Office of the Chapter 13 Trustee-Detroit
535 Griswold, Suite 2100
Detroit, MI 48226
(313) 967-9857
mieb_ecfadmin@det13.net

| Shalanda & Willie McCarter | Taneeka Gary | Christine E. Kish |
| --- | --- | --- |
| 19178 Cliff | 17144 Hamburg | 5776 Warwick St. |
| Detroit MI 48234 | Detroit MI 48205 | Detroit MI 48228 |
| Margeart Martin | MARGARET MARTIN | James Rhodes |
| 19166 Algonac | 24675 LUISA DR #228 | 15670 Faircrest |
| Detroit MI 48234 | HARRISON TOWNSHIP, MI 48045 | Detroit MI 48205 |
| Jada C. Hickmon | JADA HICKMAN | JAMES RHODES |
| 16421 E. State Fair | 13877 BRINGARD DR | 18693 MURRAY HILL ST |
| Detroit MI 48205 | DETROIT, MI 48205 | DETROIT, MI 48235 |
| Jada Hickmon | RYAN WILLINGHAM | Ryan C. Wilingham |
| 15600 Liberal | 520 ANNIN ST | 14629 Carlisle Ave |
| Detroit MI 48205 | DETROIT, MI 48203 | Detroit MI 48205 |
| M. McClure | Patricia Hollowell | Robert Posey |
| 11124 Worden | 18294 Fenton | 16587 St. Marys |
| Detroit MI 48224 | Detroit MI 48219 | Detroit MI 48235 |
| ROBERT POSEY | Early Cooper | Gene Love |

| 15314 FAIRCREST<br>DETROIT, MI 48205 | 20419 Birwood<br>Detroit MI 48221 | 13689 Allonby St<br>Detroit MI 48227 |
|---|---|---|
| Edith Robertson<br>10009 Memorial<br>Detroit MI 48227 | EDITH ROBERSTON<br>12001 HUBBELL ST<br>DETROIT, MI 48227 | Amanda Winborn<br>9961 Westwood<br>Detroit MI 48228 |
| Nichole Stalling<br>20148 Binder<br>Detroit MI 48235 | NICHOLE STALLING<br>18603 SALEM ST<br>DETROIT, MI 48219 | ORAGEL JOHNSON<br>4046 BLAINE ST.<br>DETROIT, MI 48204 |
| ZINA & EDWARD FINLEY<br>13814 GODARD<br>DETROIT, MI | ZINA & EDWARD FINLEY<br>36430 UNION LAKE ROAD, #204<br>HARRISON TWP, MI 48045 | Orangel Johnson<br>4060 Gladstone<br>Detroit MI |
| ZINA & EDWARD FINLEY<br>19765 MARTIN ROAD, #21<br>ST CLAIR SHORES, MI 48081 | Marion J. Mack, Jr.<br>Assistant United States Trustee<br>211 W. Fort Street, Suite 700<br>Detroit MI 48226 | |